**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30125 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00061-KI-1 |
| v. | |
| RONALD JAMES DAVENPORT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Garr M. King, Senior District Judge, Presiding

Submitted April 11, 2013[**]
Seattle, Washington

Before: TASHIMA and CALLAHAN, Circuit Judges, and COLLINS, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Raner C. Collins, District Judge for the U.S. District
Court for the District of Arizona, sitting by designation.

Defendant-Appellant, Ronald James Davenport ("Davenport") was convicted by jury trial on four counts of violating 18 U.S.C. § 1521, retaliating against a Federal judge or Federal law enforcement officer by false claim or slander of title. He appeals his conviction. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm the district court.

**1.** Davenport filed documents entitled "Notice of Claim of Maritime Lien" on properties of government officials. In each document, the "vessels" are identified by the officials' names, i.e. the U.S. M/V James McDevitt, the U.S. M/V James Larson, etc. The documents also contain a detailed description of the officials' real and personal property that is attached to the claim along with "any other thing of value as needed to satisfy this claim." Davenport argues that these documents cannot be the basis of his conviction because they are notices of liens, not actual liens, and that they are invalid because they could not attach to a maritime vessel.

The district court properly applied the plain meaning of the terms "lien" and "encumbrance" in concluding that Davenport's "Notice of Claims of Maritime Liens" were in violation of 18 U.S.C. § 1521. *See U.S. v. Havelock*, 664 F.3d 1284, 1289 (9th Cir. 2012). The district court found that Davenport's filings resulted in government officials' property being encumbered, and that 18 U.S.C. §

1521 is "intended to penalize individuals who seek to intimidate and harass Federal judges and employees by filing false liens." H.R. Rep. No. 110–218, pt. 1 at 827 (2007).

**2.** Davenport contends that his conviction should be reversed because the government failed to prove the mens rea element of the crime. To succeed, Davenport must show that when viewing the verdict in the light most favorable to the Government, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Johnson*, 357 F.3d 980, 983 (9th Cir. 2004). The Supreme Court has held that "[i]gnorance of the law will not excuse any person, either civilly or criminally." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1606 (2010). An "act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his actions were unlawful." *United States v. Greer*, 640 F.3d 1011, 1017 (9th Cir.), *cert. denied*, 132 S. Ct. 834, 181 L. Ed. 2d 540 (U.S. 2011).

The uncontroverted evidence shows that Davenport had no business relationship with his victims, and that he intentionally filed the liens and directed their attachment to various real properties. Thus, the jury reasonably found that

Davenport had knowledge that the claims were fabricated and did in fact knowingly file such liens.

The district court's decision is **AFFIRMED**.